NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARISOL REGALADO,

Plaintiff-Appellant,

v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

Defendant-Appellee.

No.   23-15693

D.C. No. 2:22-cv-00211-MTL

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted July 15, 2024**
San Francisco, California

Before:  M. SMITH, BENNETT, and JOHNSTONE, Circuit Judges.

Marisol Maria Regalado appeals the district court's judgment affirming the

denial of disability benefits by the Commissioner of the Social Security

Administration.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review the district court's decision de novo but review the Commissioner's final decision only to ensure that it rests on proper legal standards and is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

1.     Regalado challenges the Administrative Law Judge's (ALJ) assessment of her residual functional capacity (RFC). Regalado first argues that the ALJ failed to meet the high standard required to reject Regalado's testimony. We disagree.

When there is no evidence of malingering, we require an ALJ to articulate "clear and convincing reasons" to reject a claimant's testimony. The ALJ may discount the claimant's subjective complaints by providing "clear and convincing reasons" for doing so. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ satisfies this standard if the decision is "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'" *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991) (en banc) (quoting *Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991)). We have "made clear that an ALJ is not 'required to believe every allegation of disabling pain, or else disability benefits would be available for the

asking, a result plainly contrary to' the Social Security Act." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a)).

Substantial evidence supported the ALJ's reasons for not relying on Regalado's testimony and other descriptions related to her RFC. First, the ALJ properly considered the objective medical evidence. The ALJ summarized Regalado's testimony and other RFC-related description. The ALJ then contrasted those with the medical evidence, finding Regalado's allegations were "*not entirely consistent* with the medical evidence and other evidence in the records *for the reasons explained in this decision*." For example, the ALJ noted Regalado's complaints of knee pain, but that a physical examination showed a normal inspection and normal range of motion. The ALJ addressed Regalado's back pain, noting mild X-Ray findings, a normal lumbar spine examination, and negative straight-leg testing.

The ALJ similarly discussed issues relating to Regalado's mental state. The ALJ noted she "reported difficulty following written and spoken instructions", but that on examination she had normal memory. Dr. Littlefield, for example, found her memory and recall were "good," and assessed no functional limitations in that area. In contrast to Regalado's reports that she had problems concentrating, completing tasks, and following instructions, the ALJ noted that the record demonstrated she

had normal attention span and concentration on many occasions. Thus, The ALJ reasonably declined to rely on Regalado's symptom testimony based on the contradictions between her testimony and the medical record.

Second, the ALJ properly considered Regalado's overall course of treatment. The ALJ identified a pattern of conservative and successful treatment. The effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms, 20 C.F.R. § 404.1529(c)(3), as is a conservative treatment course, *see Parra v. Astrue*, 481 F.3d 742, 750–751 (9th Cir. 2007). The ALJ noted that Regalado had mild to moderate wrist issues that were mainly treated with splints. Regalado treated her lower back pain with non-opioid medications, such as meloxicam and ibuprofen, which helped; she had steroid injections, which provided 100% relief at first, though it then declined in effectiveness; and she received radiofrequency ablation, which provided 80% relief. The ALJ identified that Regalado's diabetes was controlled with proper diet. The ALJ thus reasonably weighed Regalado's treatment course against her allegedly disabling symptoms.

Third, the ALJ properly considered Regalado's range of daily activities. "Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113. The ALJ, for example, noted Regalado "reported that her impairments affect her ability to get

along with others," including "increased paranoia and anxiety." But Regalado also stated she had never been fired from a job for that reason, and she could go out in public, shop in stores, and interact appropriately with her treatment providers. The ALJ also noted that Regalado could prepare simple meals, drive, shop, pay bills, and read as a hobby. The ALJ also noted Dr. Cunningham's report that, despite shoulder and back pain, Regalado was functionally independent, including doing housework and going on walks. The ALJ thus reasonably weighed Regalado's activities against her testimony and claims.

2.      Regalado next argues that, in the alternative, we should remand the case under sentence six of 42 U.S.C. § 405(g).[1]

Regalado alleges the existence of outstanding records based on her "review of the certified administrative record." But Regalado does not actually submit any new evidence for us to review and does not connect the records to any issue on appeal. Thus, we have no basis to order the Commissioner to take new evidence.[2]

**AFFIRMED.**

---

[1] Under sentence six of 42 U.S.C. § 405(g), we "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

[2] We also note that after the ALJ's decision, the agency repeatedly informed Regalado, and her current attorney, that she could submit additional evidence for consideration by the Appeals Council.